UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                        Cr. No. 08-20140

D-2 Shawn Hoy,                                 Honorable Sean Cox

    Defendant.
_____/

## ORDER DENYING
## DEFENDANT'S MOTION FOR BILL OF PARTICULARS

This matter is currently before the Court on a Motion for Bill of Particulars filed by Defendants Joseph Eberle ("Eberle")(Cr. Case No. 08-20139) and Shawn Hoy ("Hoy")(Cr. Case No. 08-20140) in each of their respective criminal cases. For the reasons set forth below, the Court shall DENY both motions.

In Criminal Case No. 08-20139, Defendant Eberle was charged in a one-count Indictment that alleges:

### COUNT ONE
(18 U.S.C. §242 - Deprivation of Rights Under Color of Law)

D-1 JOSEPH EBERLE

    On or about June 1, 2006, in the Eastern District of Michigan, Southern Division, JOSEPH EBERLE, a deputy with the Washtenaw County Sheriff's Department, while acting under color of the laws of the State of Michigan, did strike Clifton Lee, Jr., kneel on his neck, and otherwise use unreasonable force against him, and did thereby wilfully deprive Clifton Lee, Jr., of the right to be free from the intentional use of unreasonable force by one acting under color of law, resulting in bodily injury and death of Clifton Lee, Jr.

1

In violation of 18 United States Code, Section 242.

(Docket Entry No. 3 in Case No. 08-20139).

In Criminal Case No. 08-20140, Defendant Hoy and Defendant Eric Kelly ("Kelly") were each charged with one count of violating 18 U.S.C. §242. With respect to Hoy, the Indictment alleges:

### COUNT TWO
(18 U.S.C. §242 - Deprivation of Rights Under Color of Law)
D-2 SHAWN HOY

On or about June 1, 2006, in the Eastern District of Michigan, Southern Division, SHAWN HOY, a sergeant with the Washtenaw County Sheriff's Department, while acting under color of the law of the State of Michigan, did wilfully deprive Bruce Lee of the right to be free from the intentional use of unreasonable force by one acting under color of law; that is, SHAWN HOY struck Bruce Lee, pepper-sprayed him, otherwise used unreasonable force against him, and intentionally failed to prevent and stop the use of unreasonable force against him by Deputy Eric Kelly, as alleged in Count Two and incorporated herein. This offense resulted in bodily injury to Bruce Lee.

In violation of 18 United States Code, Section 242.

(Docket Entry No. 3 in Case No. 08-20140).

Defendant Eberle and Hoy have each filed a Motion for Bill of Particulars in their respective criminal cases. Although filed in different cases, the motions are virtually identical. The motions first assert that the Indictments fail, "in numerous respects," to put Defendants Eberle and Hoy on notice of the crimes they are alleged to have committed. None of the questions that Defendants wish the Government to answer, however, relate to that issue.

Next, Defendant assert that the allegations in the Indictments "fail to provide a description of the essential facts" of the alleged offenses against Defendants Eberle and Hoy. Attached to each of the Defendant's motions is Attachments No. 1, which contains 15 different questions that Defendants desire the Government to answer.

2

The Government asserts that in light of the Indictments, and the discovery that has been provided to the Defendants, their Motions for Bill of Particular are not justified. The Government contends that it has far exceeded its duty under FED.R. CRIM. P. 16 and has provided extensive discovery, including: the video and audiotapes from the police vehicles involved; investigative files of the Washtenaw County Sheriff's Department and Michigan State Police; and grand jury transcripts and summaries of grand jury testimony. Moreover, the Government contends that the recordings of the events will be the critical piece of evidence in both cases. The Government contends that the only way Defendants could be surprised at trial or unable to prepare a defense is by ignoring all of the information they have been provided by the Government.

Defendants' motions are brought under FED. R. CRIM. P. 7(f), which provides, in pertinent part:

> (f) Bill of Particulars. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days[1] after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

FED. R. CRIM. P. 7(f).

As all parties acknowledge in their briefs, it is well established that a motion for a bill of particulars lies within the sound discretion of the trial court. *United States v. Kendall*, 665 F.2d 126, 134 (6th Cir. 1981). "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th

---

[1] Here, Defendants Eberle and Hoy did not file their motion seeking a bill of particulars until after the deadline for filing any motions in the case.

Cir. 1993). "It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Id.*

The Sixth Circuit has stated that the "test for whether a bill of particulars is necessary is 'whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial.'" *Kendall, supra* at 134.

Here, Defendants do not assert that the Indictments fail to set fort the elements of the offense charged. Rather, in looking at the questions they wish the Government to answer, Defendants are simply seeking detailed disclosures of the evidence held by the Government. The Court concludes that the indictments, taken together with the discovery already provided in these cases, sufficiently apprise Defendants Eberle and Hoy of the charges against them and will allow them to avoid surprise at trial.

Accordingly, **IT IS ORDERED** that Defendant Eberle's Motion for Bill of Particulars is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Hoy's Motion for Bill of Particulars is **DENIED.**

**IT IS SO ORDERED.**

                                            s/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated: October 3, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 3, 2008, by electronic and/or ordinary mail.

                                            s/Jennifer Hernandez
                                            Case Manager